UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STUDIO NAZAR INC.,

Plaintiff,

vs.

RELIABLE KNITTING WORKS, INC. d/b/a RELIABLE OF MILWAUKEE, and DOE(S) 1 through 20, inclusive,

Defendants.

Case No. 23-cv-9467

**COMPLAINT**

*JURY TRIAL DEMANDED*

Plaintiff Studio Nazar Inc., by and through its undersigned attorneys, Wachtel Missry LLP, as and for its Complaint against Reliable Knitting Works, Inc., d/b/a Reliable of Milwaukee and Doe(s) 1-20 (collectively, the "Defendants"), alleges, on knowledge as to its own actions, and otherwise on information and belief, as follows:

**NATURE OF THE ACTION**

1. Plaintiff Studio Nazar Inc. ("Plaintiff" or "Studio Nazar") brings this action against Defendant Reliable Knitting Works, Inc., d/b/a Reliable of Milwaukee ("Reliable" or "Reliable Knitting") and Doe(s) 1-20, seeking injunctive and monetary relief for Defendants' willful copyright infringement of Plaintiff's designs.

2. Plaintiff owns and maintains copyright registrations in original fabric and textile designs created for use in connection with Plaintiff's apparel business (the "Copyrighted Designs"). Defendants are engaged in the unauthorized reproduction, display, distribution, publication, and use of Plaintiff's Copyrighted Designs to sell apparel for and promote Defendants' business.

3. This action arises out of and is based on Defendants' copying, reproduction, distribution, public display, and sale of the Copyrighted Designs, without authorization, and

willfully, upon information and belief. Plaintiff sues for copyright infringement under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 *et seq*.

4. Plaintiff seeks all remedies afforded by the Copyright Act, including permanent injunctive relief, Plaintiff's damages, Defendants' profits from the infringing conduct, and other relief.

**PARTIES, JURISDICTION, AND VENUE**

5. This copyright infringement action is brought under the Copyright Act [17 U.S.C. § 101 *et seq*.] and arises out of Defendants' wrongful acts and omissions within this judicial district.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338. Venue is proper under 28 U.S.C. §§ 1391 and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, and this is the judicial district in which Plaintiff resides and was injured.

7. Plaintiff Studio Nazar is a business corporation incorporated and existing under the laws of the State of New York, with a principal place of business at 499 Seventh Avenue, New York, New York.

8. Plaintiff is in the business of designing, producing, sourcing, and distributing apparel and accessories for sale to customers located in New York and elsewhere.

9. Plaintiff's finished apparel products are sold on-line and in brick-and-mortar retail stores to customers located in New York and elsewhere.

10. Upon information and belief, Defendant Reliable Knitting is a business corporation incorporated and existing under the laws of the State of Wisconsin, with a principal place of business at 6737 W. Washington St., Milwaukee, Wisconsin.

11. Upon information and belief, Defendant Reliable Knitting is also in the business of designing, producing, sourcing, and distributing apparel and accessories for sale to customers located in New York and elsewhere.

12. Upon information and belief, Defendant Reliable Knitting also sells apparel on-line and in brick-and mortar retail stores to customers located in New York and elsewhere.

13. This Court has personal jurisdiction over Defendant Reliable in that, at all relevant times: (i) Reliable has and does transact business within New York and/or contracts to supply goods or services in New York, including the Infringing Products (defined *infra*); (ii) Reliable has committed, and continues to commit, acts of infringement within New York, and/or has caused and is causing injury to persons or property within New York; (iii) Reliable regularly and purposefully does, promotes, solicits, directs business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed in New York, including the Infringing Products; and (iv) Reliable expects or should reasonably expect for its acts to have consequences in New York and derives substantial revenue from on-line and interstate commerce.

14. Moreover, while purposefully or knowingly directing its infringing conduct and business activities to New York commerce and persons, Reliable has and continues to unfairly compete with and cause injury to Plaintiff, a New York corporation with a principal place of business located in this district; Reliable has and continues to willfully infringe upon the intellectual property rights of Plaintiff, which Reliable knew or reasonably should have known is located in New York.

15. Upon information and belief, Doe(s) 1-20, inclusive, are secondarily liable for the infringement alleged herein, and Reliable has information within its possession, custody, and

control sufficient to identify Doe(s) 1-20, and the extent of any infringement by each. Plaintiff expressly reserves the right to amend this pleading with respect to Doe(s) 1-20.

a. Upon information and belief, Doe(s) 1-20 include individuals or entities that have manufactured and/or produced, and/or are manufacturing or produced, any apparel products or goods incorporating or using the Copyrighted Designs (defined *infra*) without Plaintiff's knowledge or consent.

b. Upon information and belief, at all relevant times, Doe(s) 1-20: (i) infringed and/or are engaged in infringement of the Copyrighted Designs (defined *infra*); (ii) induced, caused, or materially contributed to infringement of Plaintiff's Copyrighted Designs with knowledge or reason to know of the infringement; (iii) had the right and ability to supervise the infringing activity and a direct financial interest in the infringement of Plaintiff's Copyrighted Designs.

16. Upon information and belief, at all relevant times, Defendants acted in concert with each other, including as agent, employee, subsidiary, affiliate, officer, director, manager, principal, alter-ego, and/or employee of one or more other Defendants and acting within the scope of such agency, affiliation, alter-ego relationship and/or employment, and gave material assistance, actively participated in, and/or subsequently ratified and adopted each and all of Defendants' acts or conduct alleged, with full knowledge of the relevant facts and circumstances, including but not limited to knowledge of the infringing conduct and damage to Plaintiff thereby.

## FACTS

### A. Plaintiff and its Copyrighted Designs

17. Since 1993, Plaintiff Studio Nazar Inc. has been in the business of designing, producing, sourcing, and distributing clothing, accessories, and related goods in a wide range of

styles and sizes designed to meet the needs of consumers in all apparel categories, including branded apparel produced under brands "Pink Rose" and "Hippie Rose."

18. Under the supervision of senior graphic designer Patricia Palacios, Plaintiff's design team employees (with Palacios, collectively, the "Employees") created the Copyrighted Designs for production, manufacture, and display on leggings and cold-weather apparel in connection with the fall/winter 2020 season, as a part and within the scope of the Employees' employment with Plaintiff.

19. The Copyrighted Designs, PSHO15197G and PSHO15263A, are reproduced below and annexed hereto at <u>Exhibit 1</u>. PSHO15197G was produced in two colorways: white on red (PSHO15197G_#1) and black on gray (PSHO15197G_#2), and PSHO15263A was produced in black chevron (PSHO15263A_#1):

**PSHO15197G_#1**
(white on red)
**PSHO15197G_#2**
(black on gray)
**PSHO15263A_#1**
(black chevron)

20. Plaintiff Studio Nazar Inc. owns and maintains copyright registrations of original visual works created for use as fabric and textile designs in connection with Plaintiff's business.

21. Plaintiff routinely registers fabric designs like the Copyrighted Designs with the United States Copyright Office to ensure their exclusivity and protection under copyright laws.

22. Plaintiff is the owner of the copyright rights in the Copyrighted Designs, which is a work made for hire within the scope of the Employees' employment with Plaintiff.

23. Plaintiff is the owner of valid and subsisting United States Copyright Registration Nos. VAu 1-426-984 and VAu 1-427-701 (together, the "Copyright Registrations"). True and correct copies of certificates issued with respect to these Copyright Registrations are attached hereto at Exhibit 2.

24. As set forth on the annexed certificate, Registration No. VAu 1-426-984 is a Copyright Registration for a Group of Unpublished Works. The Group Title is "PSHO15263A_#1_PAPER CUT FW20 COLLECTION_5 and 9 Other Unpublished Works," and includes the Copyrighted Design PSHO15263A referenced above listed on the certificate as "PSHO15263A_#1_PAPER CUT FW20 COLLECTION_5."

25. As set forth on the annexed certificate, Registration No. VAu 1-427-701 is a Copyright Registration for a Group of Unpublished Works. The Group Title is "PSSW1722_#1_PAPER CUT FW20 COLLECTION_6 and 9 Other Unpublished Works," and includes the Copyrighted Design PSHO15197G referenced above listed on the certificate as "PSHO15197G_#1_PAPER CUT FW20 COLLECTION_6."

26. Each of Plaintiff's Copyright Registrations were duly filed with the U.S. Copyright Office.

27. The Copyrighted Designs are wholly original, and Plaintiff is the exclusive owner of all rights, title, and interest, including all rights under copyright, in the Copyrighted Designs.

28. Plaintiff published the Copyrighted Designs, which were incorporated and displayed on the fabric of cold-weather apparel leggings and sold in and after the fall/winter 2020 season on-line and in brick-and-mortar retail stores to customers located in New York and nationwide.

29. Plaintiff formatted the Copyrighted Designs for use and display on fabric and textiles, sampled the Copyrighted Designs, and negotiated the manufacture and purchase of fabric bearing the Copyrighted Designs.

30. The Copyrighted Designs were incorporated and displayed on the fabric of cold-weather apparel leggings publicly offered for sale in and after the fall/winter 2020 season on-line and in brick-and-mortar retail stores to customers located in New York and nationwide.

## B. Defendants' Infringing Conduct

31. This copyright infringement action arises out of Defendants' publication, manufacture, reproduction, display, design, distribution, advertisement, promotion, marketing, offering for sale, sale, and/or exploitation of goods that infringe upon Plaintiff's rights in the Copyrighted Designs (the "Infringing Products").

32. Upon information and belief, at all relevant times, Defendant Reliable's business has and does include the manufacture, production, design, distribution, advertisement, promotion, marketing, offering for sale, and sale of apparel, accessories, and/or other goods for men, women, and children under the brand name "MUK LUKS."

33. Upon information and belief, at all relevant times, Defendant Reliable published, reproduced, publicly displayed, distributed, or caused to be published, reproduced, publicly displayed, distributed, or otherwise exploited and sold Infringing Products incorporating or

displaying identical or substantially similar copies of the Copyrighted Designs without authorization, including Infringing Products under the brand name "MUK LUKS."

34. Upon information and belief, Reliable, without Plaintiff's knowledge or authorization, purchased, sold, marketed, advertised, manufactured, caused to be manufactured, imported and/or distributed fabric, garments, apparel, accessories, and/or other goods comprised of or using fabric incorporating or displaying a design that is identical or substantially similar to the Copyrighted Designs, including Infringing Products under the brand name "MUK LUKS."

35. Upon information and belief, fabric, garments, apparel, accessories, and/or other goods incorporating or displaying the Copyrighted Designs have been manufactured, produced, and/or imported under the direction of Reliable, and without Plaintiff's knowledge or authorization, including Infringing Products under the brand name "MUK LUKS."

36. Upon information and belief, Defendant Reliable has and is manufacturing, advertising, marketing, distributing, offering for sale, and/or selling Infringing Products, or caused Infringing Products to be manufactured, advertised, marketed, distributed, offered for sale, and/or sold directly to consumers, including via Reliable's website www.muk-luks.com, which are accessible to consumers nationwide, including those located in this judicial district.

37. Upon information and belief, Defendant Reliable has and is manufacturing, advertising, marketing, distributing, offering for sale, and/or selling Infringing Products, or causing Infringing Products to be manufactured, advertised, marketed, distributed, offered for sale, and/or sold to various third-party retailers, wholesalers, distributors, and other businesses nationwide, including those located within this judicial district.

38. By way of example, exemplar images of the Infringing Products captured from www.muk-luks.com are reproduced below and attached in full at Exhibit 3:

  

WOMEN MEN KIDS

COLLECTIONS GAME DAY

QUIETWEAR CLEARANCE

GIFT CARDS

COZY COMOFRT GIVEAWAY
Enter now!

   

LEGGINGS SIZE CHART

| SIZE | HEIGHT | WEIGHT |
|---|---|---|
| S/M | 4'9"-5'4" | 90-140 lbs |
| M/L | 5'4"-5'9" | 120-170 lbs |
| L/XL | 5'2"-6'0" | 170-220 lbs |
| 2X/3X | 5'4"-6'0" | 200-260 lbs |

Home /

# WOMEN'S JAQUARD FLEECE LINED LEGGINGS

2100065600NXL

~~$24.00~~ $16.99 Save 29%

Shipping calculated at checkout.

Cozy Club Rewards

10/23/23, 5:32 PM Women's Jaquard Fleece Lined Leggings – MUK LUKS

EST. The Original 1972
MUK LUKS
WEAR YOUR WAY OF LIFE

WOMEN MEN KIDS
COLLECTIONS GAME DAY
QUIETWEAR CLEARANCE
GIFT CARDS

COZY COMOFRT GIVEAWAY
Enter now!

LEGGINGS SIZE CHART

Home /

# WOMEN'S JAQUARD FLEECE LINED LEGGINGS

2100065001NXL

~~$24.00~~ $16.99 Save 29%

Shipping calculated at checkout.

Cozy Club Rewards

https://www.muk-luks.com/products/womens-jaquard-fleece-lined-leggings-1 1/6

10

10/23/23, 5:34 PM Women's Jaquard Fleece Lined Leggings – MUK LUKS

EST. The Original 1972
MUK LUKS
WEAR YOUR WAY OF LIFE

WOMEN MEN KIDS

COLLECTIONS GAME DAY

QUIETWEAR CLEARANCE

GIFT CARDS

ALL NEW ARRIVALS ON SALE NOW

LEGGINGS SIZE CHART

| SIZE | HEIGHT | WEIGHT |
|---|---|---|
| S/M | 4'9"-5'4" | 90-140 lbs |
| M/L | 5'4"-5'9" | 120-170 lbs |
| L/XL | 5'7"-6'0" | 170-220 lbs |
| 2X/3X | 5'4"-6'0" | 200-260 lbs |

Home /

# WOMEN'S JAQUARD FLEECE LINED LEGGINGS

2100065020NXL

~~$24.00~~ $16.99 Save 29%

Shipping calculated at checkout.

Cozy Club Rewards

https://www.muk-luks.com/products/womens-jaquard-fleece-lined-leggings-2 1/7

11

39. The Infringing Products sold and offered for sale by Reliable are substantially similar or exact replicas of the leggings incorporating and displaying the Copyrighted Designs that Plaintiff had designed, produced, published, and sold, including the individual design elements, colorways, fabric and materials, placement, and orientation of design elements displayed on the finished product.

40. In addition, Reliable has caused identical or substantially similar copies of the Copyrighted Designs to be published, reproduced, publicly displayed, manufactured, distributed, or otherwise exploited and sold by Doe(s) 1-20, whose identities are yet to be confirmed.

41. Upon information and belief, Doe(s) 1-20 are individuals and/or entities who are believed to: (i) be engaged in the manufacture, distribution, promotion, supply, sale and/or re-sale of apparel, accessories, or other goods; (ii) occupy or operate brick-and-mortar retail stores located in this judicial district and nationwide; and/or (ii) sell goods directly to consumers on-line or indirectly through e-commerce platforms accessible to customers located within this judicial district and nationwide.

42. Defendants' use of the Copyrighted Designs is and has been, at all relevant times, without Plaintiff's authorization, consent, or knowledge, and without compensation to Plaintiff.

43. Plaintiff has not granted any license or other form of permission that would enable Defendants, or any of them, to use or exploit the Copyrighted Designs without violating the law.

44. Upon information and belief, Defendants have and continue to infringe Plaintiff's Copyrighted Designs, including through the manufacture, production, distribution, solicitation, promotion, sale, resale and offers to sell the Infringing Products.

45. Upon information and belief, Defendants may be engaged in the sale and/or exploitation of other products that infringe upon other of Plaintiff's copyrighted works. Plaintiff reserves the right to amend as additional information becomes available through discovery.

46. Upon information and belief, Defendants' identical copying and exploitation of the Copyrighted Designs was and is willful, and in disregard of, and with indifference to, the rights of Plaintiff.

47. Upon information and belief, Plaintiff and Reliable are competitors, and Reliable has introduced the Infringing Products into the stream(s) of commerce over which the parties compete in an effort to gain an unfair competitive advantage.

48. Upon further information and belief, Defendants' intentional, infringing conduct was undertaken to reap creative and/or aesthetic benefit and value inherent in and associated with the Copyrighted Designs, without compensation or permission from Plaintiff.

49. As a result of Defendants' actions described above, Plaintiff has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, publication, distribution, public display, and sale of goods incorporating or using the Copyrighted Designs.

50. Defendants have never accounted to or otherwise paid Plaintiff for use of the Copyrighted Designs.

51. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

## COUNT I.
**Copyright Infringement against Reliable**
**(17 U.S.C. § 501 *et seq.*)**

52. Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth herein.

53. The Copyrighted Designs is a visual work made for hire of original creation containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq.*

54. Plaintiff is the exclusive owner of rights under copyright in and to the Copyrighted Designs.

55. Plaintiff owns valid copyright registrations for the Copyrighted Designs, namely the Copyright Registration Nos. VAu 1-426-984 and VAu 1-427-701 referenced above.

56. Defendant Reliable's conduct alleged herein, including the reproduction, distribution, public display, and sale of goods incorporating the Copyrighted Designs without Plaintiff's permission, has directly infringed Plaintiff's exclusive rights in the Copyrighted Designs in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

57. Upon information and belief, Defendant's infringing conduct alleged herein was and continues to be willful, with knowledge of Plaintiff's rights in the Copyrighted Designs, and has enabled Defendant illegally to obtain profit therefrom.

58. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

59. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the Copyrighted Designs and products incorporating or embodying the Copyrighted Designs, and an accounting of and a constructive trust with respect to such profits.

60. Alternatively, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), for Defendant's willful infringing conduct, and for each of Plaintiff's works that Defendant

has infringed, and for such other and further amount as may be proper pursuant to 17 U.S.C. § 504(c).

61. Plaintiff further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

62. As a direct and proximate result of the Defendant's infringing conduct alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Upon information and belief, unless Defendant's infringing conduct is enjoined by this Court, Defendant will continue to infringe the Copyrighted Designs. Plaintiff therefore is entitled to permanent injunctive relief restraining and enjoining Defendant's ongoing infringing conduct.

## COUNT II.

**Contributory and/or Vicarious Copyright Infringement against Doe(s) 1-20**
**(17 U.S.C. § 501 *et seq.*)**

63. Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth herein.

64. The Copyrighted Designs are visual works made for hire of original creation containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq.*

65. Plaintiff owns valid copyright registrations for the Copyrighted Designs, namely the Copyright Registration Nos. VAu 1-426-984 and VAu 1-427-701 referenced above.

66. Through the conduct of Doe(s) 1-20 alleged herein, including the reproduction, distribution, public display, and sale of goods incorporating the Copyrighted Designs without Plaintiff's permission, Defendants have directly infringed Plaintiff's exclusive rights in the Copyrighted Designs in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

67. Upon information and belief, Defendants' infringing conduct alleged herein was and continues to be willful, with knowledge of Plaintiff's rights in the Copyrighted Designs, and have enabled Defendants illegally to obtain profit therefrom.

68. As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

69. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct, including from any and all sales of the Copyrighted Designs and products incorporating or embodying the Copyrighted Designs, and an accounting of and a constructive trust with respect to such profits.

70. Alternatively, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendants' willful infringing conduct, and for each of Plaintiff's works that Defendants have infringed, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

71. Plaintiff further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

72. As a direct and proximate result of the Defendants' infringing conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Upon information and belief, unless Defendants' infringing conduct is enjoined by this Court, Defendants will continue to infringe the Copyrighted Designs. Plaintiff therefore is entitled to permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against the Defendants Reliable Knitting Works, Inc., d/b/a Reliable of Milwaukee, and Doe(s) 1-20, inclusive, as follows:

1. That Defendants have violated Section 501 of the Copyright Act (17 U.S.C. § 501), and that Defendants are jointly and severally liable for such copyright violations and infringement.

2. Granting an injunction permanently enjoining Defendants, and their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive notice of the Court's order by personal service or otherwise, from:

    a. manufacturing, distributing, marketing, advertising, promoting, displaying, or selling, or authorizing any third party to manufacture, distribute, market, advertise, promote, display, or sell the Copyrighted Designs and any products, works, or other materials that include, copy, are derived from, incorporate, or otherwise embody the Copyrighted Designs; and

    b. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraph (a).

3. That Defendants be ordered to provide an accounting of Defendants' profits attributable to Defendants' infringing conduct, including Defendant's profits from sales and any other exploitation of the Copyrighted Designs, and any goods, products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Designs.

4. That Defendants be ordered to destroy or deliver up for destruction all materials in their possession, custody, or control used by Defendants, or any of them, in connection with the

infringing conduct, including without limitation all remaining inventory of the Copyrighted Designs and any products and works that incorporate or embody any reproduction or other copy or colorable imitation of the Copyrighted Designs, as well as all means for manufacturing them.

5. That Defendants, at their own expense, be ordered to recall the Copyrighted Designs from any distributors, retailers, vendors, or others that have distributed the Copyrighted Designs on behalf of Defendants, or any of them, and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Designs, and that Defendants be ordered to destroy or deliver up for destruction all materials returned to it.

6. Awarding Plaintiff:

    a. Defendants' profits obtained as a result of Defendants' infringing conduct, including but not limited to all profits from sales and other exploitation of the Copyrighted Designs and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Designs, or in the Court's discretion, such amount as the Court finds to be just and proper;

    b. damages sustained by Plaintiff as a result of Defendants' infringing conduct, in an amount to be proven at trial;

    c. should Plaintiff so elect, statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual damages or profits; and

    d. Plaintiff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

7. Awarding Plaintiff interest, including pre-judgment and post-judgment interest, on the foregoing sums.

8. Awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 27, 2023

        WACHTEL MISSRY LLP

        By: */s/Stella L. Sainty*
        Peter D. Raymond
        Stella L. Sainty
        One Dag Hammarskjöld Plaza
        885 Second Avenue, 47th Floor
        New York, New York 10017
        (212) 909-9500
        praymond@wmllp.com
        ssainty@wmllp.com

        *Attorneys for Plaintiff Studio Nazar, Inc.*