```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/27/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STUDIO NAZAR INC.,

                          Plaintiff,

vs.

RELIABLE KNITTING WORKS, INC.
d/b/a RELIABLE OF MILWAUKEE, *et al.*

                          Defendant.

Case No. 1:23-cv-09467-VEC

**CONSENT JUDGMENT AND**
**PERMANENT INJUNCTION**

       WHEREAS this action was commenced by Summons and Complaint on or about November 2, 2023;

       WHEREAS, in the Complaint, Plaintiff Studio Nazar, Inc. (the "Plaintiff") seeks, *inter alia*, injunctive relief and monetary damages against the Defendant Reliable Knitting Works d/b/a Reliable of Milwaukee (the "Defendant") for infringement of Plaintiff's copyright in visual works created for use in connection with Plaintiff's apparel business (the "Copyrighted Works," more specifically defined below) under the United States Copyright Act of 1976 [17 U.S.C. § 101 *et seq.*], as amended (the "Copyright Act");

       WHEREAS the Defendant now stipulates and consents to this Consent Judgment and Permanent Injunction, to its prompt entry by the Court, and to each and every provision, order, and decree herein.

       NOW THEREFORE, upon consent of the parties hereto, it is

       HEREBY ORDERED, ADJUDGED, AND DECREED:

       1.     This Court has jurisdiction over the Defendant and the subject matter of this infringement action brought under the Copyright Act.

       2.     Venue is proper in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, and this is the judicial district in which Plaintiff resides and was injured.

       3.     Plaintiff is a business incorporated and existing under the laws of the State of New York, with a principal place of business at 499 Seventh Avenue, New York, New York.

       4.     Plaintiff is in the business of designing, producing, sourcing, and distributing apparel and accessories for sale to customers located in New York and elsewhere.

5. Defendant is a business corporation incorporated and existing under the laws of the State of Wisconsin, with a principal place of business at 6737 W. Washington St., Suite 3200, Milwaukee, Wisconsin.

6. Defendant is also in the business of designing, producing, sourcing, and distributing apparel and accessories for sale to customers located in New York and elsewhere.

7. Plaintiff is the listed owner of the "Copyrighted Works," *viz.*, the visual work PSHO15197G (the "Reindeer Work"), which was produced in two colorways, white on red (PSHO15197G_#1) and black on gray (PSHO15197G_#2), and PSHO15263A (the "Snowflake Work," and together with the Reindeer Work, the "Copyrighted Works"), which was produced in black chevron (PSHO15263A_#1):



8. Plaintiff is the listed owner of the Certificate of Registration No. VAu 1-427-701, Effective Date of Registration of February 16, 2021, made for a group of visual works including the Reindeer Work ("PSHO15197G_#1_PAPER CUT FW20 COLLECTION_6").

9. Plaintiff is listed the owner of the Certificate of Registration No. VAu 1-426-984, Effective Date of Registration of February 12, 2021, made for a group of visual works including the Snowflake Work ("PSHO15263A_#1_PAPER CUT FW20 COLLECTION_5") (Certificates of Registration Nos. VAu 1-427-701 and VAu 1-426-984, together the "Copyright Registrations").

10. Plaintiff published the Copyrighted Works on the fabric of cold-weather apparel leggings sold in and after the fall/winter 2020 season through on-line and brick-and-mortar retail stores to customers located in New York and nationwide.

11. Defendant's business has and does include the manufacture, production, design, distribution, advertisement, promotion, marketing, offering for sale, and sale of apparel, accessories, and/or other goods for men, women, and children under the brand name "MUK LUKS."

12. This Consent Judgment and Permanent Injunction constitutes a final judgment on the merits of Plaintiff's claims for purposes of res judicata, collateral estoppel, issue preclusion, and claim preclusion.

13. Defendant hereby waives any and all right to an appeal from this Consent Judgment and Permanent Injunction.

14. Defendant, together with all of Defendant's officers, directors, agents, servants, employees, representatives, affiliates, successors, and assigns, and all other persons or entities in privity or acting in concert or participation with any one of them, are permanently enjoined and restrained from directly or indirectly:

    A. producing, reproducing, copying, publishing, manufacturing, distributing, transmitting, marketing, advertising, promoting, displaying, selling, or otherwise exploiting the Copyrighted Works or any part thereof, or authorizing, enabling, or assisting any third party to produce, reproduce, copy, publish, distribute, transmit, market, advertise, promote, display, sell, or otherwise exploit the Copyrighted Works or any part thereof, and any merchandise, products, works, or other materials that include, copy, are derived from, or embody any or all of the Copyrighted Works;

    B. producing, reproducing, copying, publishing, manufacturing, distributing, transmitting, marketing, advertising, promoting, displaying, selling, or otherwise exploiting the Copyrighted Works or any part thereof, creating any derivative works based thereon, or engaging in any activity that infringes Plaintiff's rights therein; and

    C. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) or (b).

15. If Defendant is found by the Court to be in contempt of, or otherwise to have violated this Consent Judgment and Permanent Injunction, the parties agree that Plaintiff shall be entitled to all available relief which it may otherwise request from the Court, including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed proper in the event of such violation.

16. This Consent Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of the parties and their respective successors, assigns, and acquiring companies.

17. The Court retains jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment and Permanent Injunction and awarding damages or other relief for violations thereof.

18. The permanent injunction shall remain in full force and effect unless and until modified by order of this Court.

19. The parties hereby stipulate to the dismissal of the Doe Defendants 1-20 pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

20. The parties hereby stipulate to entry of judgment on the terms stated herein.

The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

*Valerie Caproni*   2/27/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

**CONSENTED TO:**

Dated: February 24, 2024
New York, New York

STUDIO NAZAR INC.,
a New York corporation

*/s/ Joseph Nazar*
Name: Joseph NAZAR
Title: president

Dated: February 22, 2024
Milwaukee, Wisconsin

RELIABLE KNITTING WORKS d/b/a
RELIABLE OF MILWAUKEE, a Wisconsin
corporation

*/s/ Mark Blutstein*
Name: MARK BLUTSTEIN
Title: CEO

**AGREED AS TO FORM AND CONTENT:**

Dated: February 27, 2024
New York, New York

WACHTEL MISSRY LLP


By: */s/Peter D. Raymond*
Peter D. Raymond
praymond@wmllp.com
Stella L. Sainty
ssainty@wmllp.com
One Dag Hammarskjöld Plaza
885 Second Avenue, 47th Floor
New York, New York 10017
(212) 909-9500

*Attorneys for Plaintiff Studio Nazar Inc.*

Dated: February 22, 2024
Milwaukee, Wisconsin

ANDRUS IP LAW LLP

By: s/Aaron T. Olejniczak
Aaron T. Olejniczak, Esq.
aarono@andruslaw.com
Ben Imhoff, Esq.
bimhoff@andruslaw.com
790 North Water Street, Suite 2200
Milwaukee, Wisconsin 53202
(414) 271-7590

-and-

LEVITT LLP
Trevor M. Gomberg, Esq.
tgomberg@levittlawllp.com
129 Front Street
Mineola, New York 11501
(516) 248-9700

*Attorneys for Defendant Reliable Knitting Works, Inc. d/b/a Reliable of Milwaukee*

**SO ORDERED.**

Date: February 27, 2024
New York, New York

_____
VALERIE CAPRONI
United States District Judge

5